CHARLES VAMPLEW ET AL. V. CAROLINE J. CHAMBERS.

[FILED MARCH 11, 1890.]

1. **Wills:** POWER OF SALE: INNOCENT PURCHASER. A will, duly admitted to probate after the death of the testator, contained a provision that " I do give and bequeath to my dear wife, Marian Vamplew, all my real and personal property whatsoever, and whatsoever that I am possessed of, or have a claim to, at the time of my decease, to her use and control and individual control, absolutely, during the time of her natural life, with full power and authority to sell the same, or any part thereof, if in her judgment considered best and expedient for the benefit and advantage of my dear wife and her and my children me surviving." There was also a provision that in case she married again her authority should cease and determine and the remaining estate be equally divided among his children. About two years after the probating of the will the widow conveyed the real estate in dispute to one Neale, a brother-in-law, for an expressed consideration of $2,500. A few weeks afterwards she was married to one Saunders. Soon after the marriage Neale conveyed to Mrs. Saunders for an expressed consideration of $500. In 1871 Mrs. Saunders, while occupying the premises as a homestead, borrowed $2,500 of one C. and secured the same by a mortgage on the homestead. The mortgage was afterwards foreclosed, the property sold, and purchased by the mortgagee, and a deed made to the purchaser. In an action by the heirs to have the mortgage and deed declared null and void, *held,* that the purchaser had acquired a good and sufficient title.

2. ——: ——: ——. Where a conveyance is made in pursu-
ance of an apparent authority in a will, a stranger finding the
chain of title on the record full and complete in the last grantee,
and having no notice, actual or constructive, of secret infirmities
therein, will be protected if he purchase or loan money on the
strength of such title.

3. ——: ——: ——: NOTICE. *Held*, That the proof failed to
show such notice as could affect the mortgagee or impair his
security.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*Estabrook, Irvine & Clapp*, for appellants, cited, on the
point as to who is a *bona fide* purchaser: *Temple v. Smith*,
13 Neb., 514; *Hoyt v. Schuyler*, 19 Id., 657; *Bolman v.
Lucas*, 22 Id., 814; as to implied and constructive notice:
*Sargeant v. Ingersoll*, 7 Pa. St., 345; *Davis v. Butterbach*,
2 Yeates [Pa.], 211; *Doyle v. Teas*, 4 Scam. [Ill.], 249;
4 Kent, Com., 179*; Warvelle, Abstracts, pp. 220, 534;
Perry, Trusts [3d Ed.], sec. 511c; *Cain v. Cox*, 23 W.
Va., 608; *Flint v. Lewis*, 61 Ill., 299.

*George E. Pritchett, contra.*

MAXWELL, J.

This is an action to have a certain mortgage on real
estate and the foreclosure thereof, and the master's deed
issued in pursuance thereof, declared null and void, and
the plaintiffs decreed to be the owners of the property.

On the trial of the cause the court below found the issues
in favor of the defendant, and dismissed the action. The
plaintiffs appeal.

The plaintiffs, who were minors when the mortgage was
executed, are heirs of one Charles Vamplew, deceased, and
claim the property in question as heirs of their father.

It appears from the record that on or about the 16th day
of September, 1866, Charles Vamplew, the father of the

plaintiffs, being possessed of the property in controversy, and having made the will hereafter referred to, died.    This will was duly admitted to probate, and contained these provisions: "I do give and bequeath unto my dear wife, Marian Vamplew, all my real and personal property whatsoever, and whatsoever that I am possessed of, or have claim to, at the time of my decease, to her own use, benefit, and individual control, absolutely, during the term of her natural life, with full power and authority to sell the same or any part thereof, if in her judgment considered best and expedient for the benefit and advantage of my dear wife and her and my children me surviving, and for their maintenance, education, and the teaching of them and each of them any trade, business, or profession; and, after the decease of my dear wife, my will and desire is that any property, real or personal, then remaining in the possession or under the control of my dear wife shall be equally divided amongst my three surviving children, or the heirs of their bodies, or any of their bodies, if any of my children me surviving die before my dear wife, leaving issue lawfully begotten; but in case such of my children as die before the decease of my dear wife, Marian Vamplew, shall leave no issue them surviving, then the share or shares which they or each or any of them would have been entitled to shall be equally divided amongst the survivors or their legal issue them surviving, as aforesaid.    But in case of the marriage of my dear wife aforesaid, my will and desire is that the aforesaid bequest to her shall cease and determine, and become null and void, and her authority over all or any of my remaining estate hereby devised shall cease and determine, but not otherwise; and I do hereby nominate and appoint my dear wife, aforesaid, sole executrix of this my will, and guardian of my surviving children during their minority, with the restriction aforesaid, only in case she shall marry again."

The widow married one Saunders on the 28th of August,

1869. On the 16th day of August of that year she con-
veyed the property in dispute to one David Neale, her
brother-in-law, the nominal consideration being $2,500.
Soon after the marriage Neale reconveyed to Mrs. Saund-
ers for the alleged consideration of $500.

In 1871 Mrs. Saunders, while occupying the premises
with her children, executed a mortgage on the property in
question to the defendant in the action to secure the pay-
ment of $2,500 borrowed money. The amount due on the
mortgage not being paid, an action to foreclose the same
was instituted, a decree of foreclosure obtained, and the
property sold to the defendant, the sale confirmed, and a
deed ordered and made to the purchaser.

It will thus be seen that the principal question is, Did
Mrs. Vamplew have apparent authority under the will to
make the conveyance to Neale? The will gave her "full
power and authority to sell the same, or any part thereof, if
*in her judgment* considered best and expedient for the bene-
fit and advantage of my dear wife and her and my chil-
dren me surviving," etc. She, by the will, is made the sole
arbiter to determine whether or not a sale and conveyance
of the property should be made, and, having the apparent
authority and having exercised it by making a conveyance,
parties who act in good faith upon the strength of such
deed certainly are entitled to protection. Here was a reg-
ular chain of title on the record, showing a conveyance by
Mrs. Vamplew to Neale and by Neale to Mrs. Saunders
and a mortgage executed by the latter upon the real estate
to which she held the legal title. A stranger in examining
the title certainly would find no defects therein, and should
be protected. Had defense been made to the action to fore-
close, or an offer to redeem been made soon afterwards, it
is possible that such defense or action could have been sus-
tained. But our laws favor the repose of titles to real
estate, and require those who claim an adverse interest to
assert the same within the period fixed by law or be barred.

There is some claim that the defendant had notice of the plaintiff's rights in the premises when she took the mortgage, but the proof on that point is not sufficient to charge notice.

The judgment is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.

May 22, 1890.

PER CURIAM:

A motion for a rehearing has been filed in this case on behalf of the plaintiffs, and it is claimed therein that the plaintiffs are entitled to redeem the premises from the decree of foreclosure.  The petition of the plaintiffs contains no statement of facts showing the amount due to defendant upon the decree; nor is there any offer to pay what is due thereon, or any allegation showing a desire on their part to redeem the property; nor is such relief asked for in the prayer.  That question, therefore, cannot be considered in this case and is not decided.